K. OF P. *v.* ROSENFELD.

(*Jackson.* April 22, 1893.)

1. CHARGE OF COURT. *Special instructions.*

If special instructions are correct as given, it is not error for the Court to have refused to give them in the exact language of the requests. Counsel are not permitted to dictate, even by special requests, the terms and expressions to be used by the Court in his charge to the jury.

2. LIFE INSURANCE. *Assured's statement and concealment of facts.*

The Court's charge is not subject to exception by the insurer, where it is stated, in substance, to the jury that there can be no recovery upon a life policy, if the assured, in procuring it, misstated, failed to state, or concealed any fact touching his health that was material to the risk, and which was known to him, or could have been ascertained by him upon reasonable inquiry; and stating, further, that it was immaterial whether the assured was questioned about the matter or not, and likewise immaterial whether he acted in good or bad faith, or from intention or through ignorance and mistake.

Case cited: Boyd *v.* Insurance Co., 90 Tenn., 212.

3. SAME. *Same.*

And the Court properly refused to charge, upon the insurer's request, that the assured's action upon a life policy would be defeated if the assured, though acting in perfect good faith, failed to inform the insurer of latent and undeveloped disease, of the existence of which the assured had no knowledge or suspicion, and which could not have been discovered by any reasonable inquiry or diligence on his part.

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

F. P. POSTON for K. of P.

J. M. GREER for Rosenfeld.

WILKES, J. The plaintiff in error issued an insurance policy on the life of Morris Rosenfeld, the husband of defendant in error, on November 25, 1887, for $3,000.

The insured died August 12, 1888, and payment of the policy having been refused, this action was brought to recover the amount.

The cause was tried in the Court below before a jury, and judgment having been rendered for the amount of the policy, an appeal has been prayed to this Court by the Order.

It is conceded that there is sufficient evidence to support the verdict, but it is claimed there is error in the action of the Court in not properly charging the law applicable to the case.

The theory of the company is that the assured was in failing health at the time he procured the issuance of the policy; that he then had an habitual cough and incipient consumption, and it is charged that he willfully concealed the true facts from the company for the purpose of defrauding it; that he stated, in response to questions, that he was not predisposed to bronchitis, and had never had that disease; that he was not suffering from general debility; and that these statements were untrue, and avoided the policy because not true as stated.

Some special requests for additional charges were

made, and some objections were made to the charge as given. The real point of error assigned is that the Judge in his charge to the jury confined them in their investigation to the truth or falsity of answers given to questions asked by the examiner, and to statements made in the application by the assured, and was not broad enough to cover other matters material to the risk, *but not covered by the language of the questions asked and answers made.*

It is earnestly insisted that any statement made in the application, or answer to direct questions, or concealment made of any material fact affecting the health of the assured, whether inquired about or not, would vitiate the policy if untrue, whether it was known to be untrue or not, and whether the concealment was intentional, or the result of want of information or ignorance, and whether with or without any intention or desire to mislead or misrepresent, or, in other words, if any fact material to the risk was either misstated or concealed, or not stated, it would avoid the policy, whether done knowingly or ignorantly, intentionally or through mistake.

The Court charged the jury, in substance, that if any statements or answers made by the assured, at the time of his application or examination, were untrue, there could be no recovery; and again, "in answer to any interrogatory put either by the physician or others, any fact known to the assured, or that in all reasonable probability ought to have been known to him, that would affect his expect-

ancy or cut it short, ought to have been made
known by him;" and again, "I have said to you,
gentlemen of the jury, and I say again, that any
fact that in all reasonable probability ought to
have been known to the man, although he may
have been ignorant of it, still he ought to have
known the fact, then it was just as much con-
cealment as if he did know it, because it was the
assured's business to hunt up his history just as
it is a man's business to look after his home, and
know whether there is a tenant in it or not, when
he applies for insurance on it, and represents that
it is occupied. He must know such facts, so that
in all reasonable probability a man does know
what he ought to know."

The Court did not give the special instructions
asked in the exact language of counsel, nor was
it error not to do so. Counsel cannot dictate the
terms and expressions to be used by the Court,
even in special requests. The Court did, however,
charge in substance all that plaintiff in error re-
quested.

It is earnestly insisted that this case is governed
by the principles laid down in the case of *Boyd* v.
*The Insurance Co.*, 6 Pick., 212, in which it is
stated that "if, however, the representation be
made of a fact material to the risk and relied on
by the insurer, it is the undoubted general rule
that such representation, whether made intentionally
or through mistake or in good faith, avoids the pol-
icy. 'It is the fact that the insurer relies on the

*truth* of the representation, and not on the *intention* which misleads, whether fraudulent or otherwise, that gives the right to complain.'"

That was a case of insurance against fire, and the representation or statement was that the property was a dwelling and occupied by a tenant. This was a fact material to the risk, one on which the insurer relied, and one which the assured must have known, or by the slightest diligence could have known, and the rule was without doubt correctly applied.

The same principle, properly limited, applies as well to life as it does to fire insurance policies and applications, and the misstatement or concealment of any facts material to the risk, which is known to the assured, or, upon proper investigation and the exercise of proper diligence, could be ascertained, will avoid the policy.

A man cannot, however, know with such exact certainty the condition of his system as he can the status and condition of his property. The presence or absence of any disease or predisposition to disease is to some extent a matter of opinion. There may be hidden or undeveloped disease of which an applicant for insurance may be wholly ignorant, and of which he may not have the slightest suspicion, and which may or may not be ascertained by an examiner upon his medical examination.

This cannot be said of his property. A man may always know or ascertain the condition and status of his property.

K. of P. *v.* Rosenfeld.

While the rule is the same in both cases, the application, from the very nature of the case, must be to some extent different.

If the assured, when he makes his application, know, or have any reason or ground to believe, that he has any disease, even though it may be latent and undeveloped, he is in duty bound to make it known, whether specially questioned or not; and if he fail to do so it will amount to a misstatement or concealment, as the case may be, that will avoid his policy; but if there should be in him some latent disease, of which he knows and suspects nothing and has no means of ascertaining, he cannot be said to have either misrepresented or concealed the facts in such a sense as to avoid his policy. There can be no concealment of a fact which is not known and cannot be known by proper inquiry.

We think in this cause the plaintiff in error has no ground to complain of the charge of the Court, and that it was extremely favorable to the order, and there is no error in the judgment of the Court below, and the same is affirmed with costs.