[No. 3681.]

ENDOWMENT RANK OF THE ORDER OF KNIGHTS OF PYTHIAS v. POWELL.

1. MUTUAL BENEFIT INSURANCE—UNINCORPORATED ASSOCIATIONS—ACTION AGAINST—NAME OF PARTIES.

Under section 14, code, an action may be maintained against an unincorporated association or order under the associated name, on a policy of mutual benefit insurance.

2. SAME.

An action may be maintained against a subordinate or branch organization or association upon a mutual benefit insurance policy, where the policy is the obligation of the subordinate or branch association, although the association is under the control of, and the certificate was under the seal of, a supreme lodge. On a policy in which the obligation was that "The Board of Control of the Endowment Rank, Knights of Pythias of the World will pay" an action was properly brought against such rank under its associate name.

*Appeal from the District Court of Otero County.*

Mr. THOMAS R. HOFFMIRE and Mr. G. Q. RICHMOND, for appellant.

Mr. J. W. ADY, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

Action on a certificate in the nature of a life insurance policy in which judgment against the defendant for $3,200 is appealed from.

This action was brought by the appellee, as plaintiff be-

low, as a beneficiary of a certificate of membership, in substance constituting a policy of life insurance, alleged to have been issued to her by the defendant.    The certificate was to the effect that " Brother Roe Powell " received the benefit of the Endowment Rank of the Order of Knights of Pythias of the World in section No. 1262, and is a member in good standing in the rank, and in consideration of certain representations and declarations made in his application, and the payment of the prescribed admission fee, and in further consideration of the payment of all assessments required, and full compliance with the rules and regulations of the Supreme Lodge, Knights of Pythias of the World, or the board of control of the endowment rank, then, or thereafter, in force, then " the sum of three thousand dollars will be paid by the Board of Control of the Endowment Rank, Knights of Pythias of the World " to the beneficiary named therein.

The certificate was signed by the president of the board of control and the supreme secretary of the endowment rank, and to the attestation clause was affixed the seal of the Supreme Lodge, Knights of Pythias of the World.

The defendant appeared by the name under which it was sued, viz: "Endowment Rank of the Order of Knights of Pythias of the World," and answered, alleging that it "is not a person or persons, natural or artificial, but is simply the name of those members of the Order of Knights of Pythias who have taken out endowment certificates issued by the Supreme Lodge, Knights of Pythias of the World, a corporation;" that these individuals are organized into unincorporated subordinate ranks, all of which are affiliated with the supreme lodge, and subject to the control of the latter, and that all of the officers of the said endowment rank are certain designated officers of the Supreme Lodge, Knights of Pythias of the World, and that the lodge, and not the rank, issued the certificate, and the former only, and not the latter, is liable thereon.    It would seem that the insurance feature, or endowment rank, was separate and distinct from the lodge, though created by the latter, and in all substantial respects

subject to the control of officers designated by the lodge, and governed by rules and regulations prescribed by it.

Two assignments of error are relied upon by the defendant: *first*, that the court permitted the action to proceed against "the Endowment Rank of the Order of Knights of Pythias of the World," when it should have been brought against "the Supreme Lodge of the Knights of Pythias of the World;" and, *second*, that if the action was brought against the proper defendant, it could not be sued under the name selected by its members, but should have been against the individuals composing the rank.

The latter contention is not tenable. Section 14 of our code by its terms provides for just such a case. It is as follows:

"When two or more persons associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates."

A number of cases, somewhat similar to this, have been decided in which the organization, or corporation, corresponding to the parent lodge in this case, has been sued directly upon similar certificates, as in *Knights of Pythias v. Kalinski*, 163 U. S. 289; and in one case at least (that of *Endowment Rank, Knights of Pythias, v. Rosenfeld*, 92 Tenn. 508) the subordinate or auxiliary order was sued. So far as we are advised, in none of the cases (except one, which will presently be mentioned) has the precise question raised here been mooted or passed upon.

In an analogous case, that of the *Burlington Voluntary Relief Co. v. White*, 41 Neb. 547, the same question was present as that raised here, though apparently not considered of any importance, or adverted to, by court or counsel. But in the case of *Cornfield v. Order of Brith Abraham*, 64 Minn. 261, the question was raised, and it was determined that the subordinate organization or branch was liable upon such a

certificate. From the language of the court the following extract is taken, covering both of the objections made here :

"If we understand defendant's first defense, it is, first, that an unincorporated voluntary association cannot be sued as such, that the suit should be against the individuals composing it; second, that the certificate was the contract of the 'Grand Lodge of the Order Brith Abraham' and not of the 'Order Brith Abraham.' Neither point is well taken. The obligation of the certificate is that the 'Order Brith Abraham' will pay; and no question is made as to the authority of the grand lodge to issue the certificate in behalf of the order. The defendant contracted by the name of the 'Order Brith Abraham,' and it appears and answers by that name. It held itself out and contracted under the name by which it was sued, and it is wholly immaterial whether it is a corporation, or a mere voluntary association. * * * Being the latter, it may be sued by the common name under which it transacted business."

The case is on all fours with the one at bar. Here the obligation of the certificate is that "The Board of Control of the Endowment Rank, Knights of Pythias of the World will pay," and such board had power to represent, and did, in fact, represent, and act for, the endowment rank; and it is conceded by the answer that the Supreme Lodge, Knights of Pythias of the World, has the authority to affix its seal to the certificate in behalf of the "Endowment Rank." Whether or not the supreme lodge is also liable, is not a matter for determination.

The judgment below should be affirmed, and it is so ordered.

*Affirmed.*