CARLOCK *et al. v.* CITY OF CHATTANOOGA.

(*Knoxville.* September Term, 1914.)

1. **APPEAL AND ERROR.** Review. Scope and theory of case.
Where, though defendant by its pleas interposed two distinct
defenses, either of which, if sustained, would have resulted
in a dismissal of the action, the parties and the court ignored
one of such defenses, such defense would in the supreme court
be treated as having been abandoned in the trial court. (*Post.*
*p.* 332.)

Constitution cited and construed:   Sec. 8, Arts. 11 and 1.

Acts cited and construed:   Acts 1911, ch. 591.

Case cited and approved:   Teasdale & Co. v. Manchester Produce
Co., 104 Tenn., 267.

2. **STATUTES.**   Special or local laws.   Suspension.
Priv. Acts 1911, ch. 591, amending the Chattanooga charter, so as
to provide that in cases of personal injury resulting from any
cause originating in the neglect or failure of such city or its
officers or agents to perform their duties, no suit shall be
brought unless a verified statement of the amount and cause
of the injury, and the time and place where it occurred, and
the particular negligence causing it shall be presented to the
mayor or city attorney within thirty days, is invalid, in that
it violates Const., art. 11, sec. 8, providing that the legislature
shall have no power to suspend any general law for the benefit
of any particular individual, or pass any law for the benefit
of individuals inconsistent with the general laws of the land,
or grant to any individual rights, privileges, immunities, or
exemptions not extended to any member of the community
who may bring himself within the provisions of such law.
.(*Post, pp.* 332-335.)

Constitution cited and construed:   Sec. 18, art. 11.

Carlock v. Chattanooga.

Act cited and construed:  Acts 1911, ch. 591.
Case cited and approved:  Fleming v. Memphis, 126 Tenn., 331.

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County. —NATHAN L. BACHMAN, Judge.

JOHN A. HOOD, COOKE, SWANEY & HOPE and MARGARET H. ERVIN, for appellants.

COLEMAN & FRIERSON, for appellee.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

Mrs. Julia A. Carlock and her husband sued the city of Chattanooga for the sum of $5,000 as damages for injuries averred to have been sustained by her resulting from a fall caused by defects in the construction and maintenance of a sidewalk in the city of Chattanooga. To the declaration the city interposed two pleas, the first of which was the general issue of not guilty. For its second plea the city averred that the plaintiffs had failed to present to the mayor or city attorney of Chattanooga within thirty days after the injury a written, verified statement of the amount, nature, and cause of such injury and damage, and the time when and the place where such injury occurred, and the particular defect or negligence of the city or

its officers or agents which it was claimed caused or contributed to the injury or damage.

The above matter, as pleaded by the city, was in the nature of confession and avoidance, because chapter 591 of the Published Private Acts of the year 1911 provided that "no suit shall be brought against said city unless" such written and verified statement as is above set out should be given to the officials above named within the time stated.

To the second plea the plaintiffs demurred, on the ground that chapter 591, Acts of 1911, was unconstitutional and void: (1) Because contrary to the provisions of section 8, article 11, of the constitution of the State; and (2) on the ground that the act was contrary to section 8, article 1, of the State constitution. The circuit court overruled the demurrer. Plaintiffs declined to plead further. The court then sustained the second plea and dismissed the suit.

It is to be observed here that the city interposed by its pleas two distinct defenses, either one of which, if sustained, would have resulted in a dismissal of plaintiffs' action. The parties and the court, however, in the court below, ignored the defense made by the first plea, and that defense will, of course, in this court be treated as having been abandoned in the trial court. *Teasdale & Co.* v. *Manchester Produce Co.,* 104 Tenn., 267, 56 S. W., 853. The case, therefore, turns upon the constitutionality of chapter 591, Acts of 1911.

It is insisted for the parties plaintiff that the act is invalid under the decision of this court announced

in *Fleming* v. *Memphis,* 126 Tenn., 331, 148 S. W., 1057, 42 L. R. A. (N. S.), 493, Ann. Cas., 1913D, 1306, and we think the insistence is sound.   It is true that the acts held to be unconstitutional and void in the *Fleming Case* purported to grant total absolution from liability to the municipality for the benefit of which they were passed in all cases and at all events falling within the terms of those acts, while under the operation of the act here in question such would not be the effect, if the notice should be given according to the requirement of the act.   But this distinction is not fatal to plaintiffs' insistence.   We must test the act here involved by its application to the facts of this case.   Notice was not given in this case as the act required, and if the act be valid it defeats plaintiffs' right to compensation for the injuries sustained as the result of the negligence of the city.

Undoubtedly, under the law of the land as it existed at the date of the passage of the act in question, plaintiffs' suit could be maintained at any time between the date of the injury and such time as the suit might be barred by the general statute of limitations, applicable to such an action, and under the law of the land, had plaintiffs' injuries been caused by the negligence of any other municipal corporation in the State, and the failure by plaintiffs to give the notice required by the act in question would not have affected the right to compensation, or shortened the time within which the action for compensation might be brought; and if the act in question had not been passed, and the plaintiff

Mrs. Carlock had, been injured as averred in her declaration, the failure to give the notice required by the act would not have affected the right to compensation, nor have shortened the time within which the action should be brought.

From all of which the conclusion is inevitable that the passage of the act was an attempt by the law-making body of the State to suspend the general laws of the State for the benefit of a particular individual, the municipality of Chattanooga. Therefore it must be held that the act in question, when passed, was inconsistent with the general laws of the land, for that at the time of its passage the city of Chattanooga had no such rights as it asserts under the act. It is also clear that the act granted to the city of Chattanooga privileges and immunities or exemptions other than such as the act extended to any other, because the act does not purport to confer any privilege or immunity or exemption other than that conferred upon the defendant city of Chattanooga.

Section 8, article 11, of the State constitution, provides that:

"The legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals rights, privileges, immunities or exemptions other than such as may be by the same law extended to any

member of the community who may be able to bring himself within the provisions of such law.''

We think it clear that the law-making body, in the passage of the act in question, went beyond its power as limited by the above-quoted section of the State constitution.

We have examined the cases decided by this court which are relied upon by the city as sustaining its insistence that the act in question may be sustained, but we are of the opinion that the cases so relied on are not in point. On the brief for the city, cases are also cited from other jurisdictions; but they can have no controlling influence, if they do not accord with our own cases.

From what has been said, it results that, in our opinion, chapter 591, Private Published Acts of 1911, is unconstitutional and void, and therefore the judgment of the circuit court is reversed, and the cause remanded to that court for further proceedings.