## SOUTHERN SURETY CO. v. NICK POLES.

Western Section. July 31, 1928.

No petition for Certiorari was filed.

E. W. Braden, of Memphis, for plaintiff in error.
A. A. Kincannon, of Memphis, for defendant in error.

SENTER, J. The appeal in this case is from the judgment of the circuit court in favor of the plaintiff below, Nick Poles, and against the defendant below, Southern Surety Company, for the sum of ·$250 and the cost of the cause. A motion for a new trial was duly made and was overruled.

The case originated in a Justice of the Peace Court, and was a suit under a sick benefit clause contained in a policy of insurance. The policy was issued by the defendant below, hereinafter referred to as the defendant, on June 28, 1926, to the plaintiff below, hereinafter referred to as the plaintiff, providing in certain of its terms indemnity against sickness and accident. Before the policy was issued by the defendant, the plaintiff made application through one of defendant's agents and solicitors. Among the questions contained in the application signed by plaintiff, and upon which the policy was issued, were the following:

"15. Are you in sound condition, mentally and physically? Yes.

"16. Have you been disabled or had any medical or surgical treatment during the past five years? Yes.

| Date | Ailment | Duration | Indemnity | Company |
|---|---|---|---|---|
| 1925 | Influenza | Three weeks | $74.00 | Clover Leaf |
| May 1926 | Accident | Two weeks | $25.00 | Am. Banks". |

"17. Do you understand and agree that, as each and all of the above representations are made to induce the issuance of an insurance policy, should one or more of such representations,

whether actually written hereon by you or not, prove to be false, all right to recovery of indemnity by yourself, your beneficiary, heirs or assigns under any policy issued upon this application shall be void and forfeited to the company if such false answer were made with actual intent to deceive or materially affects the acceptance of the risk, or the hazard assumed, by the company; that the signing of this application does not effect an insurance contract and that the insurance hereby applied for shall not be effective prior to the date and hour set forth in a policy actually issued by the company, such policy thereupon becoming effective if delivered to you while you are in good health and free from the effects of any injury, disease or bodily infirmity; that no agent or solicitor of the company has authority to alter, amend or waive any policy or policy provision or requirement: . . . Yes.''

Among the provisions and conditions contained in the policy is the following:

'' . . . nor any sickness or disease existing or contracted prior to the issue of this policy, nor loss caused by any sickness or disease unless disability resulting therefrom begins while this policy is in force, nor any disability for which the insured is not regularly treated by a licensed physician . . .''

It appears that about September 1, 1926, the plaintiff had an attack of appendicitis and went to a hospital in Memphis for an operation. It appears that after he reached the hospital, and after an examination, the operation for appendicitis was advised by the surgeon and the operation performed the following day. As a result plaintiff was totally disabled from doing any work for a period of ten weeks, and the amount of indemnity provided in the policy for sickness was $25 per week.

It was for this sick disability resulting from the appendicitis operation that plaintiff sued in this case.

The case was tried before the Circuit Judge without the intervention of a jury. The defendant did not file written pleas to the Justice of the Peace warrant, but by an ore tenus plea the issues were clearly presented, and by which the provisions in the policy were orally pleaded. The only question involved in the trial of the case below and also on this appeal, is as to whether the plaintiff made a full and fair disclosure of his true physical condition in the application signed by him for the policy of insurance. The learned trial judge decided this question in favor of plaintiff. It is said under the two assignments of error by appellant that the trial court erred in rendering judgment in favor of plaintiff and against the defendant, for the reason that the policy sued on expressly excludes indemnity liability for any sickness or disease which had its inception before the policy

was issued, and that the true condition of plaintiff was concealed by not answering truthfully and frankly the questions in the application, and because plaintiff knew that he had been afflicted with chronic appendicitis for more than a year prior to the date of the application.

This was a sharply contested issue of fact. There is introduced into the record the hospital record purporting to show or to give the history of the case as given by plaintiff at the time he had the operation for appendicitis. It is admitted by the hospital authority in charge of the record that the purported record is not in the actual language used by the plaintiff, but the usual phraseology and terminology used by the profession was employed by the maker of the record, but that the information given by the patient as to the history of his complaint goes to make up the hospital record, not in the actual words used by the patient but the usual words used by the profession expressive of the meaning of the patient, and the language used by the patient. There is also some evidence in the record that about a year or more prior to the signing of the application plaintiff consulted a physician with reference to what he thought to be stomach pains and gripes, and that an X-ray picture was made. The picture was not introduced into the record, nor does it definitely appear that the picture disclosed that plaintiff was then suffering from chronic appendicitis. Plaintiff stated that if he had chronic appendicitis, or any other type of appendicitis at the time he signed the application, he did not know it. He stated on cross-examination that he had occasional attacks of stomach ache, but that he always obtained prompt relief by taking the usual simple remedies for that trouble; that the recurrence of these attacks of stomach ache was from four to six months apart, and that he did not know that such pains were an indication of appendicitis. Other witnesses in the record testified, doctors and surgeons, that these attacks of stomach ache do not always indicate appendicitis, and depends largely upon the region in which the pain occurs. His family physician testified that he had been his physician for a number of years and that he never knew that he had any type of appendicitis or other disease, and thought that he was in sound physical condition. We think there was abundant evidence in the record to warrant the learned trial judge in reaching the conclusion that if plaintiff had chronic appendicitis at the time he signed the application he did not know of it. The surgeon who performed the operation testified that he could not tell from the state of the appendix at the time of the operation the duration of the disease. Dr. Eugene Johnson, a prominent surgeon of Memphis, and who operated on the plaintiff, stated on cross-examination, that taking into consideration the pathological conditions of the appendix, as to the duration of the appendicitis, ''he doesn't know and nobody would know.'' Dr. N. B. Herman testified that he had been plaintiff's regular physician for fifteen years, and that he had never been

treated for appendicitis by him, and had not shown any symptoms of appendicitis. He also testified on cross-examination in response to a hypothetical question, based upon the hospital record, that he would call the plaintiff's trouble "an acute case of appendicitis" with a duration of two or three days or possibly a week or two; that a pain in the right side or lower right quadrant does not of itself indicate appendicitis, and that such a pain might be caused by any number of things.

Dr. D. J. Wibble, a student interne at St. Joseph Hospital, testified that he took the history of the plaintiff at the time the plaintiff entered the hospital for the operation; that the plaintiff told him that he had an attack of appendicitis four years prior and that he had had recurring pains in his side since that time, and his diagnosis of plaintiff was sub-acute appendicitis. This witness also testified that pain in the lower right quadrant does not always indicate appendicitis. The plaintiff testified in rebuttal that he did not state to the interne at the hospital that he had had an attack of appendicitis, but that he did tell the interne that he had stomach ache occasionally and stated the region of the pain.

Under the well settled rule in this State, where there is any evidence to support the judgment of the trial court, sitting without a jury, the judgment will not be disturbed on appeal, on a question of fact. It therefore resolves itself into a question of law as to whether under these facts, the plaintiff was entitled to recover. We think so. This and similar questions have been before the Supreme Court of this State and other jurisdictions in numerous cases, and so far as our investigation goes we have found no case that sustains the contention of appellee. In support of its contention the cases of Insurance Co. v. King, 137 Tenn., 685, and of Knights of Pythias v. Rosenfield 92 Tenn., 508, and Harris v. Ins. Co., 130 Tenn., 335, are relied upon by appellee. Insurance Co. v. King, supra, simply holds, in effect, that if the claim for indemnity rests upon a disease which had its inception before the date of the issuance of the policy, the plaintiff could not recover where there is a provision in the policy contract that no indemnity will be paid for such disease, and that such a provision in the contract is valid. In order to bring the present case within the perview of the case of Ins. Co. v. King, it must appear that plaintiff was affected with appendicitis at the time he made application and the policy was issued. As hereinbefore pointed out, there was a decided conflict in the evidence as to whether the appendicitis had its inception before the date of the application and the issuance of the insurance policy, but we think that by a decided preponderance of the evidence if the plaintiff had chronic appendicitis he did not know of this fact, and second, the burden of proof would be upon the defendant insurance company to show that the diseased appendix had its inception prior to the date of the issuance of the policy. This

issue, under a sharp conflict in the evidence, was determined adversely to the contention of the defendant by the trial judge. In K. of P. v. Rosenfield, and Harris v. Ins. Co., it was held that if the insured, at the time he made application for the insurance, knew of or had reason to believe that he had any of the diseases referred to in the application, even though the disease had not developed, it was his duty to make the true condition known, whether specifically questioned or not, and his failure to do so amounts to a concealment or a misstatement, that would avoid the policy. To the same effect is Ins. Co. v. Chappell, 151 Tenn., 299; Ins. Co. v. Dibrell, 137 Tenn., 528.

But the facts of this case would not warrant a conclusion that plaintiff knew of or had reason to know that he had appendicitis in any form at the time he made application for the insurance. The fact that he had occasional attacks of stomach ache or pain, which occurred four to six months apart, and which readily yielded to simple treatment, is not unusual, but frequently occurs with men in normal health, as testified to by the physicians in the instant case.

It is further contended by appellant that a statement contained in the application that the applicant has not been attended by or consulted with a physician, which statement is untrue, will operate to avoid the policy, is a sound statement of the rule in cases where the rule applies. The only question in the application on this subject, is question 16, which reads as follows: "Have you been disabled or had any medical or surgical treatment during the past five years?" In response to this question in the application the plaintiff answered "Yes", and then proceeds to set out the case of influenza in 1925 and the accident in 1926. The question does not call for a statement by the applicant as to whether he had consulted a doctor during the period of time. The question in the application is, "Have you been disabled or had any medical or surgical treatment during the past five years?" There is no proof in the record that plaintiff had been disabled, other than occasional attacks of stomach ache, and this occurring from four to six months apart, and for which he did not have medical treatment, but relieved the condition by simple remedies not prescribed by a physician. There is no proof in the record that during the period of five years, that he had received any medical or surgical treatment, hence the numerous cases cited and relied upon by appellant are not applicable to the facts of the instant case.

All assignments of error are overruled and the judgment of the lower court is affirmed. Judgment will be entered here for the amount of the judgment below with interest. Appellant will pay the cost of this appeal.

Owen and Heiskell, JJ., concur.