MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Complainant, Appellant, v. The VOGUE, INC., Defendant, Appellee. —393 S.W.(2d) 164.

Eastern Section. March 10, 1965.

Certiorari Denied by Supreme Court July 19, 1965.

626

Chambliss, Chambliss & Hodge, Chattanooga, for appellant.

Ellis K. Meacham, Chattanooga, for appellee.

McAMIS, P. J. This case involves the validity of the purported conversion of life insurance from ordinary life to paid-up participating insurance. Massachusetts Mutual Life Insurance Company filed the bill for a declaratory judgment adjudicating the extent of its liability upon three life insurance policies for the aggregate face amount of $100,000.00 upon the life of Louis Liberman.

When the policies were issued and at the date of Mr. Liberman's death April 30, 1960, he was President and managing head of the named beneficiary, defendant Vogue, Inc. For many years prior to 1958, Vogue, Inc., had paid the premiums on all of the policies totaling $6,746.75 per year. The policy applications provided that in event of default of premiums the value of the policies should be applied to the purchase of extended term insurance in the face amount of the policies. The policies themselves, however, permit the insured to convert to paid-up participating insurance in anticipation of premium default. In 1958, at the instance of Mr. Liberman and on authority of written applications signed by the Assistant Secretary of Vogue, Inc., complainant amended each of the policies to provide that in event of default in the payment of premiums the cash surrender value should be used to purchase paid-up participating insurance.

No further premuim payments were made and the policies were thereafter converted by the Company to paid-up participating insurance in keeping with these amendments. This resulted in a reduction of the insurance from $100,000.00 to $59,767.00, for which the Company concedes liability.

At the time of conversion the cash value of the policies was sufficient to have purchased term policies for $100,000.00 for a period of seven years which would have extended the insurance in the amount of $100,000.00 beyond the date of Mr. Liberman's death. The validity of applications made in 1958 to amend the policies to provide for the purchase of paid-up participating insurance, rather than extended term insurance as set forth in the applications, depends in part at least upon the constitutional validity of T. C. A. 48-706 hereinafter copied.

The Chancellor granted a recovery for $100,000.00, less $59,767.00 which had been paid and accepted without prejudice after the suit was filed. Complainant has appealed, raising as its primary insistence that the Chancellor erred in holding unconstitutional T. C. A. 48-706.

We quote in full the provisions of the statute:

"Release or assignment of life insurance on officers.—When a corporation, organized under the laws of this State, has caused or shall cause to be insured the life of any director, officer, agent or employee; or when such corporation is named as a beneficiary in or assignee of any policy of life insurance, due authority to effect, assign, release, relinquish, convert, surrender, change the beneficiary, or to take any other action with reference to such insurance, shall be sufficiently evidenced to the insurance company by a written statement to that effect, signed by the president or secretary or other corresponding

officer of such corporation, under its corporate seal. Such statement shall be binding upon such corporation, and any act done or suffered to be done by it upon the faith thereof shall protect the insurance company concerned, without further inquiry into the validity of the corporate authority or the regularity of the corporate proceedings. No person shall be disqualified, by reason of interest in the subject matter, from acting, as a director or as a member of the executive committee of such corporation, or any corporate procedure touching such insurance.''

The Chancellor found the Act to be class legislation in conflict with Article 1, Section 8 and Article 11, Section 8 of the Constitution of Tennessee, in that it makes an unreasonable exception in favor of insurance companies to the provisions of T. C. A. 48-401, giving the Board of Directors full control over the affairs of corporations and that it ''grants privileges to insurance companies and confers upon any officer of a Tennessee chartered corporation the right to execute any insurance instrument and relieves the insurance companies from liability if the officer acted without authority and contrary to the best interest of the corporation.''

We can not agree that the statute is arbitrary class legislation merely because it applies only to insurance companies.

■■ The constitutional provisions against class legislation apply only when the statutory classification bears no reasonable or natural relation to the object sought to be accomplished. The requirement is that there be substantial differences in the situation and circumstances of the persons affected from which the necessity or propriety of the statute may be presumed. The statute must apply alike to all who fall within, or can reasonably bring

themselves within the classification. Knoxville & O. R. Co. v. Harris, 99 Tenn. 684, 43 S.W. 115, 53 L. R. A. 921; State v. Nashville C. & St. L. R. Co., 124 Tenn. 1, 135 S. W. 773; Motlow v. State, 125 Tenn. 547, 145 S. W. 177, L. R. A. 1916F, 177; Carlock v. City of Chattanooga, 130 Tenn. 330, 170 S. W. 475; Life & Casualty Ins. Co. of Tennessee v. McCormack, 174 Tenn. 327, 125 S. W. (2d) 151.

Consistently, the courts in cases too numerous to cite have sanctioned legislative classifications relating to various and sundry types of business and professional activities, ranging from the business of lending money, as in the early case of Caruthers v. Andrews, 42 Tenn. 378, to the regulation of the sale of new and used automobiles as in the recent case of Ford Motor Co. v. Pace, 206 Tenn. 559, 335 S. W. (2d) 360.

■ Insurance companies have been so frequently and consistently the subject of specific statutory regulation that it must now be regarded as settled that they may be constitutionally subjected to regulations not applicable to other business enterprises.

"It is certainly the law in this state and in all others as far as we know that an insurance company, having been granted the right and franchise of writing contracts of insurance in this State, is subject to the control of the State * * *." Cosmop'n Life Ins. Co. v. Northington, 201 Tenn. 541, 552, 300 S. W. (2d) 911, 916.

This does not mean that there need be no reasonable basis for legislation applying only to insurance companies, only that, considering the nature of the business, the legislature might find a reasonable foundation for legislation applying only to insurance companies.

■ In passing the Act here in question, the Legislature may have deemed it expedient to provide a quick and simple way to permit corporate beneficiaries of life insurance to effect a change in the insurance and, at the same time, remove the insurance fund from litigation after the death of the insured by eliminating or reducing the possibility of controversy as to the effectiveness of the change. We do not think the Act is to be considered solely as an attempt to benefit insurance companies or grant to them privileges and immunities not available to corporations engaged in other business enterprises. Life insurance contracts are sui generis in that they become enforceable only after the death of one of the parties to the contract. Certainty and effectiveness of any change in beneficiary is of paramount importance to the insured. Legislation designed to remove uncertainty and controversy rests upon a sound and rational basis.

■ We can not agree that the statute is invalid as class legislation on the ground that in dealing with life insurance policies corporate officers have more power to bind the corporation than when dealing with other corporate assets. The argument seems to be that in so providing the statute makes an exception in favor of insurance companies to T. C. A. 48-401, giving the Board of Directors of Tennessee corporations control over corporate affairs. As we have seen the Legislature may be supposed to have had rational grounds for differentiating between insurance policies and other corporate assets. The Act makes no classification of corporations except that it applies only to domestic corporations. It applies alike to the officers of any domestic corporation having a policy of life insurance on one of its officers.

We hold that, since the statute applies alike to all domestic corporations, it can not be struck down as arbitrary class legislation. We do not understand it is seriously contended that failure to include foreign corporations results in an arbitrary and unreasonable classification.

Finally, defendant insists that Chapter 55, Acts of 1927, upon which T. C. A. 48-706 is based was repealed by implication by Chap. 90, Acts of 1929, on which T. C. A. 48-401, is based, since the latter act confers the powers of management of Tennessee corporations upon the Board of Directors.

██ Repeal by implication is not favored. It is only where the conflict between the earlier and later statutes is completely irreconcilable that the earlier statute can be said to have been repealed by implication. As a corollary of that doctrine it is an established rule that a subsequent statute treating a general subject and not expressly contradicting the terms of an earlier special statute will not be given the effect of repealing the special provisions of the first statute unless absolutely necessary in order to give some meaning to the words of the general statute. State ex rel. v. Safley, 172 Tenn. 385, 112 S. W. (2d) 831; Grubb et al v. Mayor and Aldermen, 185 Tenn. 114, 203 S. W. (2d) 593.

██ The Act of 1927 affects the powers of corporate officers only in the specialized field of changing insurance policies. The Act of 1929 is a general law controlling generally the qualification and powers of corporate officers. We can not say that the latter act had the effect of repealing the former.

Complainant insists that, irrespective of the statute, defendant is bound by the act of its President in request-

ing and fully participating in the conversion of the policies and that it is now estopped to question the effectiveness of the conversion. Since we hold the statute constitutional, it is not necessary to deal with these questions.

A decree will be here entered adjudging complainant not liable for any amount above that already paid. All costs will be paid by defendant.

Cooper, J., and Richard Carson, Special Judge, concur.