THE STATE OF TENNESSEE ex rel. EMANUEL SCHATTEN
et al.

*v.*

THE CITY OF CHATTANOOGA.

435 S.W.2d 112.

(*Knoxville,* September Term, 1968.)

Opinion filed November 22, 1968.

HALL, HAYNES, LUSK & FOSTER, Chattanooga, for com-
plainants-appellees.

W. A. WILKERSON, Chattanooga, for defendant-appel-
lant.

MARX J. BOROD and RONALD S. BOROD, Memphis, of counsel; ROSENFIELD, BOROD, FONES & BOGATIN, Memphis, for amicus curiae.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The sole question to be resolved in the present appeal is whether Tennessee Code Annotated, Sections 62-1233 through 62-1246 vest exclusive authority to license plumbers in the State Plumbing Board created by that statute thereby impliedly repealing Chapter 584, Private Acts of 1929, which empowered the City of Chattanooga to license plumbers to practice their vocation within the City.

The Governor is required by T.C.A. sec. 62-1234 to appoint five men to function as the State Plumbing Board. The Board's powers enumerated in T.C.A. sec. 62-1236 are to draft a state plumbing code, conduct in-

vestigations and experiments to further plumbing technology, publish the results of the investigations and experiments, to charge reasonable fees for plumbing installation and inspection permits, issue certificates of inspection, license plumbers after examination and exercise all powers reasonably necessary to implement the Act.

Although the statute grants broad powers to the State Plumbing Board, cities, towns, utility and sanitary districts are authorized by Section 62-1235 to enact plumbing codes, "* * * not less stringent in its provisions than the Tennessee state plumbing code; * * *" Even more sweeping authority is granted to cities, towns, utility and sanitary districts by the provisions of Section 62-1238 that:

"Nothing in this chapter shall prohibit cities, towns, utility districts and sanitary districts from having full authority to provide full supervision and inspection of plumbing and plumbers by the enactment of ordinances, rules and regulations in such form as the governing body may determine appropriate."

After the passage of T.C.A. secs. 62-1233 through 62-1246 in 1967, the City of Chattanooga continued to administer its own program requiring all plumbers seeking to perform plumbing work within the City to pass an examination and be issued a certificate of competency by the City Plumbing Board. The City Plumbing Board was established by Ordinance 5714 pursuant to the authority delegated to the City by Chapter 584, Private Acts of 1929. Chapter 584 provided that:

"* * * the Board of Commissioners of the City of Chattanooga, Tennessee, shall have power by ordinance

to regulate and control plumbers and plumbing works; to provide by ordinance for the creation of Boards of Plumbing Examiners and for the licensing of plumbers and to pass all other ordinances necessary to carry out and enforce the powers herein delegated.''

The present controversy arose when the complainant, licensed by the State Plumbing Board, contracted to install the plumbing in an apartment complex being constructed within the City of Chattanooga and applied for a city permit to do the plumbing job. The City Plumbing Board refused to issue the permit because complainant had not passed the examination of the City Plumbing Board and therefore did not possess a certificate of competency. The complainant then filed a petition in Chancery Court for a writ of mandamus to compel the City Plumbing Board to issue the permit. The complainant contended and the Chancellor held that T.C.A. secs. 62-1233 through 62-1246 vested exclusive authority to license plumbers in the State Plumbing Board thereby repealing by implication Chapter 584, Private Acts of 1929, voiding Ordinance 5714 enacted pursuant thereto, and terminating the power of the City of Chattanooga to license plumbers. The writ of mandamus was issued and the City of Chattanooga appealed.

■ One statute will be repealed by the implication of another only when an irreconcilable conflict exists between the two. *Mass. Mut. Life Ins. Co. v. Vogue, Inc.,* 54 Tenn.App. 624, 393 S.W.2d 164 (1965). Is there an irreconcilable conflict between T.C.A. 62-1233 through 1246 and Chapter 584 of the 1929 Private Acts?

The apparent purpose of T.C.A. secs. 62-1233 through 62-1246 is to establish minimum, statewide standards for

the regulation of plumbers and plumbing. The statute clearly requires that all plumbers wishing to apply their skills in Tennessee must first be examined and licensed by the State Plumbing Board. The statute does not purport to vest the State Plumbing Board with exclusive licensing power over plumbers. T.C.A. sec. 62-1238 expressly and unequivocally delegates to cities, towns, utility and sanitary districts, "* * * full authority to provide full supervision and inspection of plumbing and plumbers * * *." Delegation of full supervisory authority over plumbers empowers the city, town, utility or sanitary district to regulate plumbers subject only to limitations imposed by the City Charter and the Constitutions of Tennessee and the United States and includes the power to license.

■ Chapter 584 of the 1929 Private Acts empowering the City of Chattanooga to license plumbers and City Ordinance 5714 implementing that power are not impliedly repealed by T.C.A. secs. 62-1233 through 62-1246 because there is no irreconcilable conflict between the acts.

The Chancellor erred in issuing the writ of mandamus.