IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 1, 2001 Session

# KEVIN SANDERS, ET AL. v. LINCOLN COUNTY, ET AL.

**Appeal from the Chancery Court for Lincoln County**
**No. 10,982      Lee Russell, Chancellor by Interchange**

_____

**No. M2000-01386-COA-R3-CV - Filed August 14, 2001**

_____

This case questions the defendants' decision to remove Gill Road and Endsley Road from the county road list, thereby exempting landowners on these roads from the stock gap removal policy of the county affecting public roads. Plaintiff claims such action violates constitutional equal protection rights. The jury returned a verdict in favor of the defendants. The plaintiffs assert that the jury's verdict is contrary to the weight of the evidence and that the trial court erred by submitting an incomplete and misleading verdict form to the jury. The trial court approved the jury verdict for the defendant and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and PATRICIA J. COTTRELL, JJ., joined.

Kevin Sanders, Fayetteville, Tennessee, Pro Se.

Gregory H. Oakley and Christopher W. Cardwell, Nashville, Tennessee, for the appellees, Lincoln County, Tennessee and Steve Graham.

**OPINION**

Kevin Sanders and Patricia Sanders ("plaintiffs") own a 316 acre farm in Lincoln County where they raise cattle. A public road, Martin Hollow Road, runs through their farm. The road has been maintained by Lincoln County since 1975. Several other area residents use Martin Hollow Road as the only access to their homes.

Before 1998, there was no fence along Martin Hollow Road separating the public road from the plaintiffs' pastures. There were two stock gaps on Martin Hollow Road until 1996 which prevented the plaintiffs' cattle from leaving their property. The stock gaps were located where Martin Hollow Road entered and exited the plaintiffs' property. The cattle crossed Martin Hollow

Road at will. Area residents complained on numerous occasions that the cattle on Martin Hollow Road caused accidents and other near-accidents.

The Lincoln County Commission implemented a general policy that cattle should not be allowed to roam free on public roads. At the direction of the County Commission, the County Executive, Jerry Mansfield, sent letters to the plaintiffs and three other landowners asking that the land be fenced to prevent cattle from roaming at will on Lincoln County public roads. At that time, the plaintiffs refused to fence Martin Hollow Road and refused to remove the stock gaps from the road.

In March 1997, the Commission passed a resolution requiring that the stock gaps be removed from Martin Hollow Road.

The plaintiffs filed a complaint against the County Executive, Jerry Mansfield, and the County Road Superintendent, Donny Hudson, in April 1997 seeking an injunction against enforcement of the resolution requiring removal of the plaintiffs' stock gaps on Martin Hollow Road on the basis that such policy deprives them of equal protection of the law.

The Chancellor entered a Memorandum Opinion and judgment rejecting the plaintiffs' equal protection claim. On appeal, this Court affirmed the Chancellor's judgment in *Sanders v. Mansfield*, No. 01A01-9705-CH-00222, 1998 WL 57532, at *5 (Tenn.Ct.App. Feb. 13, 1998).

In January 1998, while 1998 WL 57532 was still on appeal, the County removed Gill Road and Endsley Road from the county road list which effectively exempted these two roads from the stock gap removal policy. Martin Hollow Road remained on the list and, thus, remained subject to the stock gap removal policy.

The plaintiffs then filed a complaint against Lincoln County and Steve Graham, the Chairman of the Lincoln County Commission. In this complaint, they asserted that the January 1998 act of removing Gill Road and Endsley Road from the county road list, while leaving Martin Hollow Road subject to the stock gap removal policy, denied them equal protection of the law.

The trial court granted the defendants' motion to dismiss and, on appeal, this Court reversed and remanded the case for trial of the equal protection claim resulting from the removal of Gill Road and Endsley Road from the stock gap removal policy. *Sanders v. Lincoln County*, No. 01A01-9902-CH-00111 (Tenn.Ct.App. Sept. 3, 1999).

The plaintiffs assert that after the first lawsuit against Mansfield and Hudson, the defendants failed to uniformly apply the policy to all county roads. Plaintiffs contend that the defendants conferred a benefit upon the landowners of Gill Road and Endsley Road while denying the plaintiffs that luxury.

The trial of this case took place on May 8, 2000. The final order was entered on that date finding:

> IT APPEARED to the court that no cause of action was established in the proof against Defendant Steve Graham as an individual, that therefore a directed verdict should be granted as to Steve Graham, and that the jury unanimously found on their Verdict Form that Lincoln County did not violate the plaintiffs' rights to equal protection of the law under the United States Constitution and the Constitution of the State of Tennessee, and therefore

> IT IS ORDERED that the Complaint is dismissed as to both Defendants.

Our review of this case is governed by Tennessee Rules of Appellate Procedure 13(d) which permits a jury's findings to be "set aside only if there is no material evidence to support the verdict." Tenn.R.App.P. 13(d). "Where the record contains material evidence to support the verdict, the judgment based on that verdict will not be disturbed on appeal." *Reynolds v. Ozark Motor Lines, Inc.*, 887 S.W.2d 822, 823 (Tenn. 1994).

Appellants do not appeal the trial court's directed verdict in favor of Steve Graham. Two issues are asserted on appeal: (1) Whether the jury's verdict is contrary to the weight of the evidence and, (2) whether the trial court erred by submitting an incomplete and misleading verdict form to the jury. The first issue asserted is not an issue available for review on appeal.

"The constitutional right of trial by jury forbids us to set aside a verdict as against the weight of the evidence. Therefore, we cannot consider an assignment of error that 'the evidence preponderates against the verdict.'" *City of Columbia v. Lentz,* 39 Tenn. App. 350, 354, 282 S.W.2d 787, 789 (Tenn.Ct.App. 1955) (citing *Illinois Cent. R.R. Co. v. Abernathy*, 106 Tenn. 722, 728, 64 S.W.3d; *Sullivan v. Crabtree*, 36 Tenn. App. 469, 478, 258 S.W.2d 782, 786); *see also Turner v. Tennessee Texas Exp., Inc.*, No. 02A01-9310-CV-00226, 1994 WL 482135, * 5 (Tenn.Ct.App. Sep. 2, 1994).

The question submitted to the jury was whether the appellees violated the appellants' constitutional right to equal protection of the law by removing Gill Road and Endsley Road from the county road list, thereby exempting those roads from the stock gap removal policy.

First we address the constitutionality of the appellants treatment by the defendants. The plaintiffs contend that they are entitled to relief under the equal protection provisions of the Tennessee Constitution because they have been subjected to unreasonable classification.

The equal protection provisions of "Article I, Section 8 and Article XI, Section 8 of the Tennessee Constitution and the Fourteenth Amendment to the Constitution of the United States confer essentially the same protection upon the individuals subject to those provisions." *Tennessee Small Sch. Sys. v. McWherter*, 851 S.W.2d 139, 152 (Tenn. 1993) (citing *Marion County Tenn. River*

*Transp. Co. v. Stokes*, 173 Tenn. 347, 350, 117 S.W.2d 740, 741 (1938); *Motlow v. State*, 125 Tenn. 547, 560, 145 S.W. 177, 180 (1912)). These provisions ensure nondiscriminatory behavior by ensuring that persons in the same category will not be treated differently without justification. "The concept of equal protection espoused by the federal and our state constitutions guarantees that 'all persons similarly circumstanced shall be treated alike.'" Id. at 153 (citing *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415, 40 S.Ct. 560, 562, 64 L.Ed. 989 (1920); *see Plyler v. Doe*, 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982); *State ex rel. Department of Social Services v. Wright*, 736 S.W.2d 84 (Tenn. 1987)).

"The classification must rest upon a reasonable basis. If it has a reasonable basis, it is not unconstitutional merely because it results in some inequality. Reasonableness depends upon the facts of the case and no general rule can a formulated for its determination." *Harrison v. Schrader*, 569 S.W.3d 822 826 (Tenn. 1978) (citing *Estrin v. Moss*, 221 Tenn. 657, 430 S.W.2d 345 (1968); *Motlow v. State*, 125 Tenn. 547, 145 S.W.177 (1912)). "[A]ll who fall within, or can reasonably be brought within the classification" must be treated the same. Id. at 827 (citing *Massachusetts Mutual Life Insurance Co. v. Vogue Inc.*, 54 Tenn.App. 624, 393 S.W.2d 164 (1965)).

In this case, the appellants rely primarily on the premise that they were treated differently from other landowners who had roads on their land, specifically Endsley Road and Gill Road, which also had stock gaps, and that the appellants were singled out. The rational or reasonable basis test applies to the appellants' equal protection claim. From the record, it is evident that a reasonable basis existed for the appellees' disparate treatment of the appellants. The appellees' purpose was to maintain the county roads in a safe condition.

The county received numerous complaints of cattle on Martin Hollow Road. At the time Gill and Endsley roads were removed from the county road list, five families or more were required to use Martin Hollow Road to access their homes. Unlike, Martin Hollow Road, no complaints were received of cattle being on Gill or Endsley roads. In fact, at the time Endsley Road was removed from the county road list, those who used Endsley road liked the cattle to roam free because it added to the ambiance of the resort located at the end of the road. At the time Gill Road was removed from the county road list, the only persons who used it were the Gills and a close family friend. The Gills were upset by the county action of removing Gill Road from the list because the county no longer worked the road for the Gills.

The appellees' action in removing Gill and Endsley Roads from the county road list was predicated upon a "rational" basis.

Finally, the appellants take issue with the jury form submitted to the jury for reporting the verdict. The appellants specifically assert that the jury form was abstract, created confusion, and that it failed to adequately instruct the jury as to the issue that the jury was to decide. The appellants did not object to the jury form when the trial court provided it to the jury and did not state the issue in a motion for a new trial. Therefore, we have determined that the appellants have waived their objections to the jury form because of the failure to raise the objections in a timely manner.

Counsel should object promptly to a proposed verdict form. If possible, they should object to the form before its submission to the jury. However, if unaware of the form's substance, they should object before the jury returns its verdict. *Savina v. Wisconsin Gas Co.*, 36 Wis.2d 694, 154 N.W.2d 237, 240 (1967). Failure to make a timely objection to a verdict form constitutes a waiver of the objection. *Frith v. Lambdin*, 703 S.W.2d 890, 893 (Ky.Ct.App. 1986); *Estate of Hartz v. Nelson*, 437 N.W.2d 749, 752 (Minn.Ct.App. 1989); *Reed v. Sale Memorial Hosp. & Clinic*, 741 S.W.2d 819, 824 (Mo.Ct.App. 1987); *Goggins v. Harwood*, 704 P.2d 1282, 1289 (Wyo. 1985).

*Keith v. Murfreesboro Livestock Market*, 780 S.W.2d 751, 759 (Tenn.Ct.App. 1989).

Tennessee Rules of Appellate Procedure 3(e) provides: Provided, however, that in all cases tried by a jury, no issue presented for review shall be predicated upon error . . . jury instructions granted or refused . . . unless the same was specifically stated in a motion for a new trial. Tenn.R.App.P. 3(e).

We affirm the trial court and tax costs of appeal against appellants.

_____
WILLIAM B. CAIN, JUDGE