STERCHI BROS. STORES, INC., *v.* WALLACE, COMPTROLLER, *et al.*

(*Nashville*, December Term, 1934.)

Opinion filed January 15, 1935.

300

Cox, Taylor & Epps and W. E. Miller, all of Johnson City, for appellant.

J. H. Chalkley, of Johnson City, for appellee City of Johnson City.

Robert M. May, of Jonesboro, for appellees, Earl Sell and others.

Edwin F. Hunt, Assistant Attorney-General, for appellees Wallace and others.

Mr. Justice Chambliss delivered the opinion of the Court.

Sterchi Brothers Stores appeal from a decree sustaining a demurrer to the bill by which it was sought to recover privilege taxes paid on the theory that item 36 of the Revenue Act of 1932 (Pub. Acts 1931, 2d Ex. Sess., chap. 13, art. 3, sec. 1, item 36) is unconstitutional because violative of article 1, section 8, and article 11, section 8, of the State Constitution, and of the Fourteenth Amendment of the Federal Constitution. The item is as follows:

"Each person, whether as principal or agent (by agent is not meant employee), selling electric light plants, household electric appliances or devices, and/or electric refrigerators, and/or electric freezers, and/or electric pumps, and/or electric vacuum cleaners, and/or electric washing machines, shall pay in each county of 100,000 inhabitants, or over, per annum $100.00

"In counties of from 50,000 to 100,000 inhabitants, per annum 60.00

"In counties of from 30,000 to 50,000 inhabitants, per annum 40.00

"In counties under 30,000 inhabitants, per annum .......... 20.00

"Provided, this tax shall not apply to merchants paying an ad valorem tax on a stock of $5,000 or under when the above enumerated articles do not constitute more than ten per cent of said stock."

The specific insistence is that the exemption proviso in this item creates an unreasonable classification; that it is an arbitrary discrimination against those merchants in Sterchi Brothers class selling such articles, having a stock of over $5,000.

■ ■ It is properly conceded for appellant that the Legislature has a broad discretion in classifying occupations for purposes of taxation. They say that the specific situation presented is beyond this general rule. It must also be conceded that the Legislature not only has a wide range of discretion in selecting objects of legislation, but that classification in legislation is not reviewable unless palpably arbitrary; that if any reason can be seen to justify classification in revenue statutes they will not be held unconstitutional because discriminatory. *Ogilvie et al.* v. *Hailey et al.*, 141 Tenn., 392, 396, 210 S. W., 645; *Hunter* v. *Conner*, 152 Tenn., 258, 271, 277 S. W., 71; *New Pulaski Cemetery* v. *Ballentine*, 151 Tenn., 622, 628, 271 S. W., 38; *Koen* v. *State*, 162 Tenn., 573, 579, 39 S. W. (2d), 283, 284. In the last-cited case it was said:

"If the selection and classification of the subject of legislation or taxation is not capricious or arbitrary, and rests upon some reasonable consideration of difference of policy, it cannot be said that there is a denial of equal protection of the laws contrary to the Fourteenth Amendment."

 The United States Supreme Court has repeatedly emphasized the principle that a wide discretion must be conceded to the legisative powers of the states in classification for purposes of taxation. *State Board of Tax Commissioners* v. *Jackson*, 283 U. S., 527, 51 S. Ct., 540, 75 L. Ed., 1248, 73 A. L. R., 1464; *American Sugar Refining Co.* v. *Louisiana*, 179 U. S., 89, 21 S. Ct., 43, 45 L. Ed., 102; *Lawrence* v. *State Tax Commission of Miss.*, 286 U. S., 276, 52 S. Ct., 556, 76 L. Ed., 1102, 87 A. L. R., 374; *Ohio Oil Co.* v. *Conway*, 281 U. S., 146, 50 S. Ct., 310, 74 L. Ed., 775; *Michigan C. R. Co.* v. *Powers*, 201 U. S., 245, 26 S. Ct., 459, 50 L. Ed., 744; *Shaffer* v. *Carter*, 252 U. S., 37, 40 S. Ct., 221, 64 L. Ed., 445.

In this view the question is whether or not this exemption provision creating a discriminination is brought about by a purely arbitrary and unreasonable classification. We are considering a revenue raising statute. Counsel for the state suggests these considerations for the exemption:

 "A person whose total stock of goods has a value of not more than $5,000.00 and whose electric appliances have a value of not more than 10% of said stock, i. e., a value of not more than $500.00, would probably cease to sell such appliances rather than pay the privilege tax imposed by Item 36. The presence of this exemption in the taxing item, therefore, really costs the State (and counties and municipalities authorized to levy a like tax)

little or no revenue. The absence of the exemption might drive from the business of selling electric devices certain merchants who carry them in small quantities, but it would not enhance the State revenue. The first consideration which the legislature must have had in mind was the fact that the presence of the exemption would not diminish the revenue.

"Another consideration which the legislature must have had in mind was the fact that the small merchant whose total stock of goods does not exceed in value $5,000.00 and whose electric appliances do not exceed in value $500.00 is in need of some such tax exemption as this to enable him to remain in business."

In reply to the contention that there is little difference between a $4,999 stock of goods and one of $5,001, and conceding that such a situation would work an injustice, counsel well say:

"It might be argued that one who lives in a county with 49,999 persons is required to pay $40.00 tax under this item of the Revenue Act; while if he engages in business in a county with one more person he must pay $60.00 tax. The answer to this contention is, of course, that the legislature had to draw the line somewhere, and drawing it at a point where the stock of goods did not exceed $5,000.00, with the stock of electric devices constituting no more than 10% thereof, was as reasonable a place to fix the distinction as could be found. If the principle for which the appellants contend is given its logical application, the legislature could not use the population basis of counties as a classification in revenue statutes, because there is, to some degree, an injustice when the tax substantially increases because of the presence in the county of two or three more people. The

reason that this principle is disregarded by the courts is that its literal application would result in even greater injustice than is inflicted by its disregard. In other words, if one engaged in a vocation in Van Buren County were required to pay the same privilege tax as one so engaged in Shelby County, a greater injustice would be perpetrated than by a population classification."

The chancellor cited and followed *Fulgum* v. *Mayor, etc., of Nashville*, 8 Lea (76 Tenn.), 635, 639, in which this court held that the exemption from privilege tax of hotels with less than ten rooms did not invalidate the statute. The principle of that holding has application here.

As before stated, it is the duty of this court to uphold the statute if any reasonable ground or basis for the classification can be conceived of, and despite the earnest and able argument to the contrary, giving application to this rule, the validity of the statute must be sustained and the decree affirmed.