MARION COUNTY, TENN., RIVER TRANSP. CO. *v.* STOKES, COMMISSIONER.

(*Nashville*, December Term, 1937.)

Opinion filed June 11, 1938.

RAULSTON & RAULSTON, of South Pittsburg, for appellant.

ROY H. BEELER, Attorney-General, and EDWIN F. HUNT, Assistant Attorney-General, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

It was provided by chapter 108, Acts of 1937, that:

"Each person operating a ferry from one point in this State to another point within the State shall pay a privilege tax as follows:

"Each ferry operating in competition within a State owned toll bridge, per annum. . . . . . . . . . . . . . . . .$25.00

"Each ferry located within two miles of a State owned toll bridge shall be presumed to be operating in competition with such toll bridge and the burden of proving the contrary shall be upon the operator.

"In addition, each such ferry shall pay a privilege tax to the State for State purposes equal to eight (8%) per cent. of its gross receipts in the State." Section 2, Item E.

The complainant paid the tax levied by the foregoing provision together with interest and penalty of $71.36 under protest and sued to recover.

It is charged in the bill that the levy of 8% upon gross receipts of ferries operating within two miles of a State toll bridge makes an arbitrary classification for purposes of taxation and contravenes Article 1, Section 8, and Article 11, Section 8, of the State Constitution, and the Fourteenth Amendment to the Federal Constitution.

The chancellor was of the opinion that the classification was reasonable and that the tax was lawfully imposed, and sustained defendant's demurrer to the bill. It is insisted on appeal that the chancellor should have declared the classification arbitrary and the assessment void because violative of the constitutional provisions mentioned. So we have the question of whether the classification is reasonable, whether or not the Legislature can classify ferries by reference to their location and graduate the tax applicable to each class.

██ Whether the constitutionality of the statute is tested by reference to the above provisions of the State Constitution or of the Fourteenth Amendment, the measure is the same, that is to say, if the classification is arbitrary under provisions of the State Constitution it would be arbitrary under the Federal Amendment. By reference to decisions whether of the State or the Federal Constitution, it may be seen that the courts must concede to the Legislature a wide discretion in classification in exercising the taxing power.

██ In *State* v. *Schlier,* 50 Tenn. (3 Heisk.), 281, it is said the Legislature may classify those engaged in business and graduate the tax applicable to each. In many subsequent cases the rule thus stated has been amplified. The power to make such classification in the exercise of the taxing power and of the police power has been uniformly recognized and it is not permissible for the courts to disturb the classification if any reason may be conceived to justify the Legislature in making it. *Oglivie* v. *Hailey,* 141 Tenn., 392, 210 S. W., 645. This is so because of the presumption favoring the constitutionality of all legislative enactments. Every intendment favors the constitutionality of statutes. Sound reasons that govern the Legislature may not appear on the face of the statute and the courts cannot search for reasons underlying legislative action in determining the constitutionality of statutes. A reason for the classification may appear to and be known to the Legislature that is not apparent on the face of the statute and is unknown to the courts.

██ A reason for the classification of ferries within two miles of a State toll bridge and the increased levy of the tax upon their operation may be found in the pe-

culiar situation created by the construction of highways and the concentration of traffic to the locality in the vicinity of toll bridges and nearby ferries. Such a situation would greatly increase traffic and center it at such crossings and as an incident increase tolls and the earnings of ferries. Such considerations, as well as a difference in population, the advantage of a particular location, the character of a business, and the income derived from it have long been recognized as a basis of classification for purposes of taxation.

■ ■ Complainant further insists that a provision of the Act that ferries within two miles of a toll bridge are presumed to operate in competition renders the Act void. That provision is coupled with the provision that the burden is upon the ferry company to show that the ferry is not operated in competition with the bridge. No attempt is made by the Legislature to declare a conclusive presumption. The fact of whether the ferry is operating in competition with the toll bridge is left open to judicial determination from proof. The power of the Legislature to enact laws making a definite state of facts a *prima facie* case to be rebutted by evidence is generally conceded by judicial opinion.

We find no error in the decree of the chancellor.
Affirmed.