GENESCO, INC., Appellant,

v.

Jayne Ann WOODS, Commissioner of Revenue, Appellee.

Supreme Court of Tennessee.

March 26, 1979.

W. W. Berry, Bass, Berry & Sims, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., Jim G. Creecy, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

HENRY, Chief Justice.

This case involves the amount of interest payable upon a deficiency assessment of excise tax for Genesco's fiscal years 1963 through 1969, inclusive. More specifically, we deal with a consideration of Chapter 693, Public Acts of 1974, codified as § 67–112, T.C.A.

This section, relating to the imposition of interest on state taxes, provides, in substance, that [except in penalty cases] the Commissioner of Revenue, acting in his discretion, fixes a rate of interest on deficiency assessments between 6% and 8%. Criteria for the establishment of the rate are set out. The rates so established must be certified and published in the office of the Secretary of State. The section concludes:

> The provisions of this section shall be operative upon all assessments of interest made on and after October 1, 1974, *without regard to the taxable period involved.* (Emphasis supplied)

On July 22, 1974 the then Commissioner of Revenue certified and published a regulation fixing interest at eight percent (8%) on taxes paid on or after October 1, 1974.

In May 1977, Genesco was assessed additional excise tax for its fiscal years ending July 31, 1963 through July 31, 1969, plus interest at the rate of 8% per annum for the entire time.

Genesco insisted in the trial court that the rate should have been 6% up until October 1, 1974 and 8% from that date until the date of payment.

The entire assessment, principal and interest, was paid under protest and this suit was instituted for the recovery of the agreed amount of interest.

The Chancellor dismissed the action. We concur.

The statutory language is susceptible to no difference of opinion as to its construction. We cannot think of any language that would have been clearer. It plainly states that "this section shall be operative on all assessments of interest made on and after October 1, 1974, without regard to the taxable period involved." This assessment was made May 24, 1977.

Genesco insists, however, that the retroactive application of this statute to assessments covering years prior to its adoption, even when made after adoption, denies them equal protection under the Fourteenth

Amendment to the Constitution of the United States.[1] The basis for this insistence is that corporate taxpayers who owed taxes for the same period were only charged 6% when the assessment was made prior to October 1, 1974.

■ The phrase "equal protection", as used in the Fourteenth Amendment to the Constitution of the United States, requires that all persons and entities shall be treated the same under like circumstances and conditions, both as to privileges conferred and liabilities incurred. *Mascari v. Intrn'l Brotherhood, Etc.*, 187 Tenn. 345, 215 S.W.2d 779 (1948).

■ States have the right to adjust their systems of taxation in all proper and reasonable ways and the courts will not invalidate a tax statute on the basis of equal protection so long as the classification and selection are reasonable. *Bank of Commerce v. Senter*, 149 Tenn. 569, 260 S.W. 144 (1923). It is fundamental to our law that every intendment supports the validity of an act of the legislature.

■ It is important to a consideration of this issue, and virtually conclusive of its resolution, to note that all excise taxpayers assessed after October 1, 1974 are treated on the same basis, and without any semblance of discrimination. All changes in a taxing act must have a starting point; during the transition inequalities may arise resulting from the application of assessment dates, or other necessary procedures and mechanisms, but these do not operate *per se* to invalidate the statute.

■ The test must be whether the statute rests on a reasonable basis, *Bank of Commerce, supra*, and it will not be held discriminatory if there is any possible reason or justification for its passage. *Ogilvie v. Hailey*, 141 Tenn. 392, 210 S.W. 645 (1918).

■ The "equal protection of the law" provision of the Fourteenth Amendment only requires that there be " 'some relevance to the purpose for which the classification is made' "; therefore, the legislature "may impose special burdens upon defined classes in order to achieve permissible ends." *Rinaldi v. Yeager*, 384 U.S. 305, 309, 86 S.Ct. 1497, 1499, 1500, 16 L.Ed.2d 577, 580 (1966). As stated in *Ross v. Moffitt*, 417 U.S. 600, 612, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341 (1974), the Fourteenth Amendment " 'does not require absolute equality or precisely equal advantages.' " *See Nolan v. State*, 568 S.W.2d 837, 840 (Tenn.Crim. App.1978).

■ The legislature has wide discretion in the adoption of tax measures, for they produce the revenue under which government operates and, while not unrestrained, its judgment must be accorded great respect and its enactments must be given every intendment. *See generally, Marion County, Tennessee River Transp. Co. v. Stokes*, 173 Tenn. 347, 117 S.W.2d 740 (1938); *Sterchi Bros. Stores v. Wallace*, 168 Tenn. 299, 77 S.W.2d 807 (1935).

■ The assessment made by the Commissioner of Revenue is in accord with the clear mandate of the statute and is not offensive to the controlling principle that all persons must be treated alike under like circumstances and conditions in the imposition of liabilities.

FONES, HARBISON and BROCK, JJ., and HUMPHREYS, Special Justice, concurring.

---

1. The application of the act is not challenged under the Constitution of Tennessee.