## COMBUSTION ENGINEERING, INC.,
### Plaintiff/Appellee,

v.

## Donald W. JACKSON, Commissioner of Revenue for the State of Tennessee, Defendant/Appellant.

Supreme Court of Tennessee,
at Knoxville.

Feb. 24, 1986.

Michael W. Catalano, Asst. Atty. Gen. (W.J. Michael Cody, Atty. Gen. and Reporter, of counsel), for defendant/appellant.

Carl E. Hartley, C. George Caudle, Chattanooga, for plaintiff/appellee.

## OPINION

HARBISON, Justice.

Although there were other issues involved in the trial court, the single issue presented on appeal of this case is the proper rate of interest payable upon a deficiency assessment of excise taxes. Particularly involved is the interpretation of T.C.A. § 67–1–801(a)(2).

The facts of the case were stipulated. The Chancellor held that appellee was liable for additional corporate excise taxes for the years 1971, 1972 and 1973.

It was stipulated that prior to October 1, 1974 the Commissioner imposed interest at an annual rate of six percent on delinquent or deficient excise tax payments. On that date the interest rate was raised to eight percent pursuant to the provisions of 1974 Tenn.Pub.Acts, ch. 693 (formerly codified as T.C.A. § 67–112). This statute was further amended by 1980 Tenn.Pub.Acts, ch. 885, and effective August 1, 1980, the Commissioner raised the interest rate to ten percent.

The tax deficiency in the present case was assessed in 1981 as the result of voluntary disclosure by the taxpayer to the Commissioner of adjustments to its federal taxable income made by the Internal Revenue Service.

The Commissioner has insisted that the rate of interest on the deficiency should be a flat ten percent, the rate in effect at the time of the assessment. The taxpayer has insisted upon a tier-rate of six percent until 1974, eight percent until 1980 and ten percent thereafter.

The Chancellor held in favor of the taxpayer on this issue. After careful consideration of the briefs in this case and those in a similar case argued at the same term, we are of the opinion that the Chancellor was correct. His decision is affirmed.

The Commissioner relies heavily upon the decision of this Court in *Genesco, Inc.*

*v. Woods,* 578 S.W.2d 639 (Tenn.1979). That case construed the provisions of 1974 Tenn.Pub.Acts., ch. 693, later codified as T.C.A. § 67–112. The pertinent provisions of that statute authorized the Commissioner to fix interest rates on deficiencies in his discretion, but not less than six percent nor more than eight percent per annum. The statute set out procedures to be followed by the Commissioner in initially determining the rate of interest and in reviewing and adjusting the same periodically thereafter. The statute also provided:

> "The provisions of this section shall be operative upon all assessments of interest made on and after October 1, 1974, without regard to the taxable period involved."

Construing those provisions in the *Genesco* case, *supra,* this Court held that the statute authorized the Commissioner to assess and collect a flat or level rate of interest from the time of the assessment, back through the years for which there was a deficiency, without regard to prior rates of interest or fluctuating rates in the interim. The statute was attacked under the equal protection clause of the fourteenth amendment to the United States Constitution, but the Court found that these contentions were without merit.

The case, therefore, established firmly the constitutional authority of the General Assembly to authorize a level or flat rate from the date of assessment back through the period involved in the deficiency. Had there been no change in the statutes, the Commissioner's position in the present case would clearly have been correct under the *Genesco* case.

The statutes, however, were materially supplemented and altered by 1980 Tenn. Pub.Acts, ch. 885, especially by the addition of the following provision which was contained in the 1980 statute and has remained in the tax procedure statutes until the present time, now being codified as T.C.A. § 67–1–801(a)(2). This provision is as follows:

> "All delinquent or deficient payments of taxes either administered or collected by the commissioner of revenue shall accrue interest from the date delinquent or deficient until paid, at the rate of interest in effect at the time such payment becomes delinquent or deficient. Any such delinquency or deficiency shall also, however, be subject to any and all changes in the interest rate that may occur from time to time as provided hereinabove, until the delinquent or deficient tax is paid."

The provisions "hereinabove" are contained in T.C.A. § 67–1–801(a)(1). These authorize the Commissioner to establish an effective interest rate and to alter it from time to time.[1]

The Commissioner insists that the 1980 provision quoted above was merely a reenactment of the 1974 statute, because the 1980 statute also contained a provision, like that construed in the *Genesco* case, *supra,* to the effect that the provisions of the statute should be operative upon all assessments of interest made on or after July 1, 1980, without regard to the taxable period involved.

While it is conceded that this was merely an effective date for the statute, which admittedly was never codified, the language was identical to that regarding the effective date of the 1974 statute, relied upon by the Court in the *Genesco* case, *supra.*

It is the insistence of the taxpayer, and was held by the Chancellor below, that the effect of the 1980 statute as a whole was to impose initially the interest rate in effect at the date of the delinquency or deficiency of the tax, and that the interest rates thereafter were to fluctuate as determined by the Commissioner until the tax was paid. In effect, the Chancellor held that the statute adopted a "tier rate" for interest on deficiencies rather than a level rate as had been adopted in the 1974 statute.

**1.** The details of this procedure have been amended since 1980, but it is not contended that these amendments affect the issue presented here.

Although the Attorney General rendered an opinion in 1981 that the 1980 statute did not affect the level rate provisions of the 1974 statute as construed by this Court in the *Genesco* case, *supra*, we are of the opinion that the Chancellor correctly construed the 1980 statute. The 1974 statute, in effect, imposed the interest rate at the date of the assessment. The 1980 statute clearly states that delinquent or deficient payments of taxes "shall accrue interest from the date delinquent or deficient until paid, at the rate of interest in effect at the time such payment becomes delinquent or deficient." It then provides for such delinquency or deficiency to be subject to any and all changes in the interest rate that may occur from time to time until the delinquent or deficient tax is paid.

Despite the earnest contentions of the Commissioner to the contrary, in our opinion, this statute is not ambiguous, and the Chancellor correctly construed it. The General Assembly certainly may, if it so desires, impose a level or flat rate on tax deficiencies without violating the federal equal protection clause, as held in *Genesco*, *supra*, but it is not required to do so. In its discretion it may also impose a tier rate, fluctuating as the established rate of interest changes over the years between the date of the delinquency and the date of payment. In the 1980 statute the General Assembly apparently chose the latter course, and the Chancellor, in our opinion, correctly so held.

Both parties have cited numerous canons or rules of statutory interpretation for our consideration, but we do not consider the language of T.C.A. § 67–1–801(a)(2) to be ambiguous and find no need to resort to various rules or canons to try to ascertain the legislative intent. As stated previously, the legislature may change this provision if it wishes to do so and wishes to establish a level rate, but in the years since 1980, although it has amended the interest statutes on tax deficiencies in several respects, it has never changed or amended the language of T.C.A. § 67–1–801(a)(2) fixing the interest rate initially at the date of the deficiency, subject to subsequent fluctuations.

The judgment of the Chancellor is affirmed at the cost of appellant. The cause will be remanded to the Chancery Court for collection of costs accrued there and for any other proceedings which may be necessary.

BROCK, C.J., FONES and COOPER, JJ., and FRANKS, Special Justice, concur.