June 1, 1998

FOR PUBLICATION

IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

**FILED**

**June 1, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | |
|---|---|
| NORTHWEST AIRLINES, INC., FEDERAL EXPRESS CORPORATION, AMERICAN AIRLINES, INC., FLAGSHIP AIRLINES, AND DELTA AIR LINES, INC., | ( |
| Plaintiffs-Petitioners, | ( |
| | ( Certified Question from the |
| | ( United States District Court |
| v. | ( for the Middle District of |
| | ( Tennessee |
| | ( |
| TENNESSEE STATE BOARD OF EQUALIZATION, | ( Hon. Thomas A. Wiseman, Jr., ( Judge |
| | ( |
| Defendant-Respondent, | ( No. 01S01-9702-FD-00030 |
| | ( |
| and | ( |
| | ( |
| CSX TRANSPORTATION, INC., | ( |
| | ( |
| Plaintiff-Petitioner, | ( |
| | ( |
| | ( |
| v. | ( |
| | ( |
| | ( |
| TENNESSEE STATE BOARD OF EQUALIZATION, | ( |
| | ( |
| Defendant-Respondent, | ( |
| | ( |
| and | ( |
| | ( |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ( |
| | ( |
| Plaintiff-Petitioner, | ( |
| | ( |
| | ( |
| v. | ( |
| | ( |
| | ( |
| TENNESSEE STATE BOARD OF EQUALIZATION, | ( |
| | ( |
| Defendant-Respondent. | ( |

For Plaintiffs-Petitioners:                    For Defendant-Respondent:

Stephen D. Goodwin
Janis Wild Kesser
Baker, Donelson, Bearman & Caldwell
Memphis

James W. McBride
Baker, Donelson, Bearman & Caldwell
Washington, D.C.

John Knox Walkup
Attorney General & Reporter
Nashville

Jimmy G. Creecy
Chief Special Counsel
Nashville

Daryl J. Brand
Senior Counsel
Nashville

**<u>O P I N I O N</u>**

REID, SP. J.

Pursuant to Rule 23 of the Rules of the Supreme Court of

Tennessee[1], this Court has accepted from the United States District Court for the Middle District of Tennessee a certified question of law regarding the effect of the 1996 amendment to Tenn. Code Ann. § 67-5-1512(b)(2) on the calculation of interest on property tax payments and refunds.

**I**

The petitioners, Northwest Airlines, Inc., Federal Express Corp., American Airlines, Inc., Flagship Airlines, and Delta Air Lines, Inc., which are "commercial air carrier companies,"[2] and petitioners CSX Transportation, Inc., and Illinois Central Railroad Co., which are "railroad companies,"[3] filed suit in the district court against the respondent Tennessee State Board of Equalization, alleging that the State's assessment of the petitioners' ad valorem property taxes for 1990, 1991, 1992, 1993, 1994, and 1995,[4] resulted in discriminatory taxation in violation of certain federal statutes.[5] The parties reached a settlement of all issues presented in the case,

---

[1] "The Supreme Court may, at its discretion, answer questions of law certified to it by . . . a District Court of the United States in Tennessee . . . . This rule may be invoked when the certifying court determines that, in a proceeding before it, there are questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee." Tenn. R. S. Ct. 23.

[2] See Tenn. Code Ann. § 67-5-1301(a)(12) (Supp. 1997).

[3] See Tenn. Code Ann. § 67-5-1301(a)(1) (Supp. 1997).

[4] CSX did not challenge its assessment for 1993, and Illinois Central only challenged tax years 1994 and 1995.

[5] The airlines asserted that the Board's assessment violated 49 U.S.C. § 40116(d) (1997) of the Tax Equity and Fiscal Responsibility Act of 1982. The railroads asserted that the assessments challenged violate section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976, 49 U.S.C. § 11501 (1997).

except the issue before this Court, the appropriate interest rate to be applied to refunds and additional payments due. The settlement was approved by the district court. Pursuant to the settlement, the petitioners owed taxes to some counties and municipalities and were due refunds from others.

Specifically, the certified question is as follows:

> Whether any or all of the present payments or refunds of property taxes for tax years 1990 through 1995, all of which payments and refunds will be made after April 22, 1996, should be calculated at two percentage points below the composite prime rate as provided by Tenn. Code Ann. § 67-5-1512(b)(2), as amended effective April 22, 1996, or whether some or all of the interest should be calculated at the composite prime rate as provided by Tenn. Code Ann. § 67-5-1512(b)(2) prior to April 22, 1996 and in effect during the tax years in question?

## II

The property of railroad and commercial air carrier companies is assessed for state, county, and municipal taxation by the comptroller of the treasury. Tenn. Code Ann. § 67-5-1301 (Supp. 1997). Those assessments are subject to review by the State Board of Equalization, which makes the final assessments. Id.

Tenn. Code Ann. § 67-5-1512 provides that if an assessment of property tax made by the Board of Equalization is challenged, the taxpayer may pay either the full tax assessment to the local taxing

jurisdiction, Tenn. Code Ann. § 67-5-1512(b)(1)(A)(ii)(a), or pay the undisputed portion of the tax to the local taxing jurisdiction, Tenn. Code Ann. § 67-5-1512(b)(1)(A)(ii)(b). When the proper assessment is finally determined, interest on the underpayment or overpayment is imposed by Tenn. Code Ann. § 67-5-1512(b)(2)(A) and (B). Prior to April 22, 1996 that provision read as follows:

> (b)(2)(A) Except as provided in subdivision (b)(2)(B), if the taxpayer has made a payment in accordance with subdivision (b)(1) and prevails on appeal, the county or municipality shall pay interest at <u>the rate of the composite prime rate</u> as published by the federal reserve board as of the date such taxes would have normally become delinquent. Such interest shall be calculated from March 1, or the date the taxes would have become delinquent under the municipal charter; provided, that in any county included in the provisions of Acts 1989, ch. 550; §§ 8-21 or in any county which by private act adopts similar provisions to those contained in such provisions of Acts 1989, ch. 550, the delinquency date shall be February 1. Such interest shall be calculated upon the amount paid in excess of the taxes due as determined by final action of the state board of equalization or the assessment appeals commission. If the taxpayer loses or withdraws the appeal or it is determined that taxes in excess of the amount paid, if any, pursuant to subdivision (b)(1) are owed, then such taxpayer shall pay, in addition to such amount, interest at the same rate on the balance of the amount due as provided in this subdivision.

> (B) If the taxpayer prevails in any appeal to the local or state board of equalization, the county or municipality shall, within sixty (60) days from the date of the final action by the state board of equalization or assessment appeals commission, refund any overpayment in taxes together with interest thereon at <u>the rate of the composite prime rate</u> as published by the federal reserve board computed from the date the overpayment was made until the date refunded. The provisions of this subdivision (b)(2)(B) only apply in counties having a population

                    greater than seven hundred seventy thousand
                    (770,000) according to the l980 federal census
                    or any subsequent federal census.

(Emphasis added.)

Section 2 of chapter 787 of the 1996 Public Acts amended the statute by deleting the words "at the rate of the composite prime rate," in subdivision (A) and (B) and substituting the words "at the rate of two (2) percentage points below the composite prime rate." The amendment became effective April 22, 1996.

The taxpayers contend that the post-amendment rate should be applied even to interest accruing prior to the amendment's effective date, April 22, 1996. They also contend that because the certification of a final assessment by the state board of equalization for each taxable year will not occur until after April 22, 1996, application of the 1996 amendment would not be a retroactive application. They argue, in the alternative, that the amendment should be applied retroactively to the interest due on unpaid or overpaid taxes.

**II**

In Tennessee, amendments to tax statutes are presumed to be prospective in application unless an intention to the contrary is clearly expressed. For example, in <u>Nashville Ry. & Light Co. v.</u>

Norvell, 122 Tenn. 613, 124 S.W. 613 (1910), the issue was whether a back assessment could be based on an amendment revising the method for assessing the property of street railway companies. The Court stated, "the act of 1905 [providing the new method of assessing street railway companies] was wholly prospective in its operation, as statutes usually are unless the contrary clearly appears." Id. at 614. In reaching that decision, the Court in Norvell relied on what is currently Tenn. Code Ann. § 1-3-101 (1994):

> The repeal of a statute does not affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed.

And more recently, in Woods v. TRW, Inc., 557 S.W.2d 274, 275 (Tenn. 1977), the Court held that amendments to statutes dealing with the collection of taxes are presumed to apply prospectively. Prior to an amendment in 1973, the statute in question provided that the Department of Revenue had a period of six years in which to institute proceedings to collect taxes, including corporate, franchise, and excise taxes. The tax year involved was 1971, for which the corporate taxpayer filed its franchise and excise tax return in 1972. Under the pre-1973 amendment, the Department had until January 1, 1977 to commence proceedings to collect additional taxes. In 1973, at which time no assessment for additional taxes had been made by the Department, the General Assembly enacted an amendment which shortened the period of limitations to three years. Under the amended statute, if it applied to the taxpayer in question, the department had until December 31, 1975 to make an assessment. An assessment was made on

March 19, 1976.  The Court held that the General Assembly had the authority, under the United States Constitution and the Constitution of Tennessee, to enact an amendment regarding the collection of taxes that had a retroactive effect, but, in the absence of clear language to the contrary, it would not interpret such an amendment to be retroactive.  The Court stated as follows:

> We do not question the authorities cited by the Chancellor and by the taxpayer to the effect that the legislature has the general power to make many kinds of statutes, including limitations for collecting taxes, retroactive to prior years, if it clearly expresses such an intention.  Ordinarily, however, statutes enacted by the General Assembly are given prospective operation and will be so construed unless a clear intention to the contrary is found in their provisions.  See Cates v. T.I.M.E., D.C., Inc., 513 S.W.2d 508, 510 (Tenn. 1974); Jennings v. Jennings, 165 Tenn. 295, 303, 54 S.W.2d 961 (1932; Dugger v. Insurance Co., 95 Tenn. 245, 249, 32 S.W. 5 (1895).

Id. at 275.

In Electric Power Bd. of Metropolitan Government of Nashville and Davidson County v. Woods, 558 S.W.2d 821 (Tenn. 1977), the Court again affirmed the principle that statutory amendments dealing with the enforcement of tax collection are presumed to be prospective in operation.  In that case the Nashville Electric Service was assessed a penalty for delinquent sales taxes for tax year 1975.  The Court held that a 1977 statute authorizing the department to waive penalties in cases of clerical error should not be applied retroactively: "In the absence of legislative intent or a necessary inference that a statute is to have retroactive force, an

act of the legislature is to be given prospective effect only by the courts." Id. at 825.

In cases cited by the petitioners supporting a retroactive application, the amendments contained express language providing for retroactive application or the retroactive application was not at issue. See e.g., Combustion Engineering, Inc. v. Jackson, 705 S.W.2d 655 (Tenn. 1986), Genesco, Inc. v. Woods, 578 S.W.2d 639 (Tenn. 1979), State v. Bone, 183 Tenn. 78, 203 S.W.2d 362 (1947), Sherrill v. Thomason, 145 Tenn. 499, 238 S.W. 876 (1922), and Myers v. Park, 55 Tenn. 550 (1875).

In the case before the Court, the 1996 amendment does not provide that the interest rate be applied retroactively. Consequently, the new rate of interest should be applied on and after the effective date of the amendment. Cf. Noe v. City of Chicago, 307 N.E.2d 376, 379 (Ill. 1974).

**III**

The answer to the certified question is that only the interest on payments or refunds of property taxes accruing after April 22, 1996 are to be calculated at two percentage points below the composite prime rate under Tenn. Code Ann. § 67-5-1512(b)(2) (Supp. 1997).

The clerk will transmit this opinion in accordance with Rule 23, Section 8 of the Rules of the Supreme Court.

The costs in this Court will be taxed to the petitioners.

_____
Lyle Reid, Special Justice

Concur:

Anderson, C.J., Drowota, Birch,
  and Holder, JJ.