IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

AUGUST 1996 SESSION


| JEROME SYDNEY BARRETT, | * | C.C.A. # 02C01-9508-CC-00233 |
| | * | |
| Appellant, | * | LAKE COUNTY |
| VS. | * | |
| | * | Hon. Joe G. Riley, Jr., Judge |
| STATE OF TENNESSEE, | * | |
| | * | (Habeas Corpus) |
| Appellee. | * | |
| | * | |

FILED

March 26, 2008

Cecil Crowson, Jr.
Appellate Court Clerk

For Appellant:

Jerome Sydney Barrett
Pro Se
Lake County Regional Correctional
  Facility
Rt. 1, Box 330
Tiptonville, TN  38079

For Appellee:

Charles W. Burson
Attorney General & Reporter

Ellen H. Pollack
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN  37243-0493

C. Phillip Bivens
District Attorney General
P.O. Drawer E
Dyersburg, TN  38024


OPINION FILED: _____


AFFIRMED


GARY R. WADE, JUDGE

## OPINION

The petitioner appeals the trial court's denial of his petition for a writ of habeas corpus. There was no evidentiary hearing. While the petitioner submits an extensive brief outlining a number of issues, we have summarized his claims as follows:

(1)     whether the trial court erred when it determined that sentence reform legislation adopted in 1979 and 1989 did not apply to petitioner's sentence;

(2)     whether the subsequent sentence reform acts deny petitioner equal protection under the law and due process of the law;

(3)     whether the petitioner's sentence is cruel and unusual punishment;

(4)     whether the trial court erred by not appointing counsel to represent the petitioner during this habeas corpus proceeding;

(5)     whether the trial court erred by not allowing the petitioner an evidentiary hearing on this petition; and

(6)     whether the trial court erred by determining that it did not have jurisdiction to alter the petitioner's sentence in a habeas corpus proceeding.

We affirm the judgment of the trial court.

The record does not include the original judgment. The pleadings indicate the petitioner was convicted of rape in 1976 and sentenced to a term of sixty years. In 1979 and then again in 1989, our state legislature changed the statute which governed the sentence for the offense. The petitioner filed this petition for writ of habeas corpus in June of 1995. The trial court denied the petition without an evidentiary hearing, holding that it had no jurisdiction to modify the sentence and ruling that the petitioner was not entitled to habeas corpus relief.

2

Initially, we must point out that habeas corpus is limited in scope. The writ of habeas corpus, codified at Tenn. Code Ann. §§ 29-21-101 to -130, will issue only in the case of a void judgment or to free a prisoner held in custody after his term of imprisonment has expired. State ex rel. Hall v. Meadows, 389 S.W.2d 256, 259 (Tenn. 1965). Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void, and not merely voidable, judgments. See State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). "A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Habeas corpus actions may, however, be brought to contest an illegal confinement at any time while the petitioner is incarcerated. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

I

The petitioner asserts that he is being held beyond the expiration date of his sentence. He argues that the 1989 Criminal Sentencing Reform Act repealed the law applicable at the time of his sentence and thus, mandates a resentencing within the 1989 guidelines. He asserts that under the new guidelines he would be entitled to immediate release.

We cannot agree. The language of Tenn. Code Ann. § 40-35-117(c) is clear: "For all persons who committed crimes prior to July 1, 1982, prior law shall apply and remain in full force and effect in every respect, including, but not limited to, sentencing, parole and probation." In State ex rel. Stewart v. McWherter, 857 S.W.2d 875 (Tenn. Crim. App. 1992), this court held that the "1989 Sentencing Act provides that it applies only to those offenders who are sentenced after its effective date" on November 1, 1989. Id. at 876. While the 1989 Act benefitted some offenders who committed their crimes between 1982 and 1989 and were sentenced

3

after its effective date, it does not apply to the petitioner.  <u>See</u> Tenn. Code Ann. § 40-35-117(b).  The Criminal Sentencing Reform Act of 1989, by its express language, did "not affect rights and duties that matured, penalties that were incurred, or proceedings that were begun before its effective date."  1989 Tenn. Pub. Acts ch. 591, § 115.  Those persons who had been convicted of crimes prior to July 1, 1982, such as the petitioner, remained under the "prior law ... in every respect, including, but not limited to, sentencing, parole and probation."  Tenn. Code Ann. § 40-35-117(c).

In the alternative, the petitioner argues that Tenn. Code Ann. § 39-114 (1975), which has been repealed and replaced by § 39-1-105 (1982) and later § 39-11-112 (1989), would require the state to reduce his sentence.  The petitioner claims that § 39-114 must be applied because it was the statute in force both at the time of the offense and his sentence:

> **39-114.  Repealed or amended laws--Application in prosecution for offense**--Whenever any penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, any offense, as defined by such statute or act being repealed or amended, committed while such statute or act was in full force and effect <u>shall be prosecuted under such act or statute in effect at the time of the commission of the offense.  In the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.</u>

(emphasis added).  The petitioner claims the definition of "prosecution" includes the total period during which he is serving his sentence under the prior law; he asserts that any favorable changes in the sentencing statute must be applied to his sentence.

We cannot agree.  The term "prosecution" does not include the

4

enforcement of the sentence. Section 39-114, Tenn. Code Ann., applies only in cases where the accused is to be tried under the substantive law in effect at the time of the offense and a new statute, calling for a lesser punishment, is enacted before the imposition of the sentence. Here the petitioner was sentenced some three years before the first change in the rape statute in 1979 and thirteen years before the second in 1989.

**II and III**

The petitioner claims that his lengthier sentence denies equal protection under the law and due process of the law. Article 11, section 8 of the Tennessee Constitution prohibits legislation providing favorable treatment to any individual or class of individuals. The Fourteenth Amendment to the United States Constitution is closely akin to our state's constitutional provision. See Marion County, Tenn., River Transp. Co. v. Stokes, 117 S.W.2d 740 (Tenn. 1938). All persons similarly situated must be treated alike. The legislature may, however, treat a class of persons differently so long as the classification has a reasonable relationship to a legitimate state interest.

In State ex rel. Bobby L. Crum v. Ned McWherter, et al., our court applied this "rational basis" test in similar circumstances:

> [T]here is a legitimate state interest at stake in not allowing the reopening of a virtual [P]andora's box of all cases involving sentences imposed before November 1, 1989, but which are presently being served by confinement, parole or probation.
>
> Society has a strong interest in preserving the finality of criminal litigation resulting in a conviction and sentence which were valid at the time of their imposition. The wholesale unsettling of final judgments of conviction and sentence which would occur if the 1989 Act were applicable as the petitioner claims is a price the legislature was justified in not paying when it provided that the Act would not apply to previously sentenced

5

offenders.

No. 02C01-9108-CC-0018 slip op. at 4 (Tenn. Crim. App., at Jackson, May 13, 1992).

While we do not find any reason to apply a more stringent constitutional standard, this particular statute would also pass constitutional muster under a strict scrutiny test.   Applying a strict scrutiny test would not automatically invalidate the legislation.  If a compelling state interest can be shown, legislation can survive a strict scrutiny test even though a fundamental right is involved or a "suspect class" and other persons are not treated equally.  Doe v. Norris, 751 S.W.2d 834, 841 (Tenn. 1988).

Although there were other reasons, the 1989 Act was primarily developed to relieve prison overcrowding.  By applying the reforms to current and future cases, the legislature was able to reduce, or at least better control, prison populations.  See State ex rel. Stewart, 857 S.W.2d at 877.  The avoidance of the time and expense associated with any resentencing procedure for previously convicted and sentenced prison inmates is, standing alone, a compelling reason to justify different treatment. Thus, we find neither equal protection nor class legislation violations under even the most stringent test possible.

In a related argument, the petitioner asserts that the passage of the 1989 Act impliedly declared the prior sentencing range, eight years to life, to be cruel, unusual, and disparate.  We disagree.  The Eighth Amendment prohibits sentences disproportionately severe when compared to the crime committed.  Just because a penalty is reduced by new legislation does not mean, however, that the sentence under the prior law was disproportionate.

6

The petitioner has not cited any authority to support his claim that his sixty-year sentence is disproportionate for the offense of rape. In State v. Gann, 733 S.W.2d 113 (Tenn. Crim. App. 1987), this court held a sentence of ninety-nine years for aggravated rape was not cruel and unusual punishment. The legislature may limit a new sentencing enactment to prospective application without determining that the old sentencing structure was a violation of the Eighth Amendment. That is the very case here. We do not find the prior sentence constitutionally infirm.

**IV and V**

The petitioner also claims that the trial court erred when it declined to appoint counsel to represent the petitioner for this proceeding and failed to afford an evidentiary hearing.

This court has previously held as follows:

> [There is no requirement] that counsel should be appointed in all cases requesting the writ of habeas corpus before dismissal of incompetent petitions. While it is true that Tennessee Code Annotated Section 40-14-204 allows the appointment of counsel "if necessary" in habeas corpus proceedings, there is no constitutional right to counsel in a habeas corpus proceeding.

Elmer Lester Fritts v. State, No. 02C01-9210-CC-00243 slip op. at 3 (Tenn. Crim. App., at Jackson, Sept 22, 1993)(citations omitted). "It is elementary that a habeas corpus petition may be dismissed without a hearing, and without the appointment of counsel for a hearing, unless it alleges facts showing the denial of state or federal constitutional rights or some fatal jurisdictional fault." State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967). See also State ex rel. Wood v. Johnson, 393 S.W.2d 135 (Tenn. 1965); State ex rel. Hall v. Meadows, 389 S.W.2d 256 (Tenn. 1965); Bland v. State, 451 S.W.2d 699 (Tenn. Crim. App. 1969); State

7

ex rel. Goss v. Heer, 413 S.W.2d 688 (Tenn. 1967); Horace Jones v. Raney, No. 02C01-9402-CC-00021 (Tenn. Crim. App., at Jackson, June 21, 1995).

First, the petitioner has no absolute right to counsel. Nothing in this record demonstrates that one was "necessary" with the meaning of the statute. Secondly, there is no mandatory right to a hearing and the trial court is not required to hear proof unless the petitioner raises a colorable claim in his petition. See State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964). Section 29-21-109, Tenn. Code Ann., provides as follows:

> If, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused, the reasons for such refusal being briefly endorsed upon the petition, or appended thereto.

The trial court followed the statutory procedure. None of the petitioner's claims, even if factually accurate, would have established that the conviction was void or his sentence had expired.

## VI

In the alternative, the petitioner seeks some form of equitable relief by having the trial court modify or correct his sentence. He argues he is entitled to this relief because of the constitutional deprivations, namely class legislation and denial of equal protection of the laws. See 42 U.S.C. § 1983. The trial court held that it had no jurisdiction to modify the sentence. We must agree with the trial court; the petitioner is simply not entitled to relief no matter what the procedure. The only relief available under the state writ of habeas corpus is release from custody. Tenn. Code Ann. § 29-21-122(a). "No statutory provision is made for passing on the validity of the judgment other than to release or detain. Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968). Accordingly, the trial court could not resentence the

8

defendant. Neither declaratory judgment nor other equitable remedies may be used to challenge the fact or duration of imprisonment.

In this state, one who is restrained of his liberty may inquire into the cause of his imprisonment through the remedy of habeas corpus. Tenn. Code Ann. § 29-21-101. If his conviction or sentence is void or voidable because of an abridgment of any right guarded by the Tennessee Constitution or the United States Constitution he may seek relief under the Post-Conviction Procedure Act. Tenn. Code Ann. § 40-30-202. Except in limited circumstances under the Uniform Administrative Procedure Act and writ of certiorari, these two remedies are the exclusive means by which a prisoner may obtain relief from confinement.

In the federal courts, the remedies of declaratory judgment, injunctive relief, civil rights remedies, and mandamus cannot be used by a prisoner to challenge the length of his sentence. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Habeas corpus is the only federal remedy:

> The broad language of § 1983 . . . is not conclusive of the issue before us. The statute is a general one, and, despite the literal applicability of its terms, the question remains whether the specific federal habeas corpus statute, explicitly and historically designed to provide the means for a state prisoner to attack the validity of his confinement, must be understood to be the exclusive remedy available in a situation ... where it so clearly applies.

Id. at 489.

Similarly, state courts should limit the procedural avenues available to challenge confinement to those specifically designed to do so. See Williams v. Davis, 386 So.2d 415, 417 (Ala. 1980). In our view, habeas corpus and petitions filed pursuant to the Post-Conviction Procedure Act have such a design. As such,

9

they are the exclusive state remedies for relief.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
William M. Barker, Judge


_____
Jerry L. Smith, Judge